IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) CHAPTER 7 BANKRUPTCY CASE |
| | ) NO. 05-38436 MBM |
| TECHNOLOGIES LIQUIDATIONS COMPANY f/k/a | ) |
| ADVIZEX TECHNOLOGIES, LLC., | ) |
| | ) US BKCY CT ADV NO. 06-02727 |
| Debtor. | ) |
| | ) |
| ROBERT L. WILLIAMS, CHAPTER 7 TRUSTEE, | ) |
| | )  Civil Action No. 07-177 |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) |
| AVNET, INC., | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

OPINION and ORDER OF COURT

In this bankruptcy matter, Defendant seeks withdrawal of the reference to bankruptcy in this action against it, in which the Trustee seeks to avoid and recover allegedly preferential transfers that the Debtor made to Defendant prior to the bankruptcy.  Defendant filed an Answer to the Amended Complaint in the Bankruptcy Court, as well as a demand for a jury trial, on January 29, 2007. Defendant did not consent to a jury trial being conducted by the Bankruptcy Court.  Defendant filed its Motion to Withdraw the Reference on February 7, 2007.

1

Defendant represents that it has filed no proof of claim in the Bankruptcy Court, or otherwise appeared in the bankruptcy case at the time of this filing.[1]  The parties do not dispute that this is a core proceeding under the Bankruptcy Code.

Permissive withdrawal of reference is governed by 28 U.S.C. § 157(d), which provides, in pertinent part, as follows: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."

Defendant argues that its right to a jury trial, and lack of consent for such a trial to proceed before the Bankruptcy Judge, provides "cause" for withdrawal of the reference.[2]  A creditor who has filed a proof of claim in a bankruptcy proceeding loses its right to a jury trial. Langenkamp v. Culp, 498 U.S. 42; 111 S. Ct. 330; 112 L. Ed. 2d 343 (1990).  The Supreme Court has, however, stated that "[i]f a party does not submit a claim against the bankruptcy estate, the trustee can recover allegedly preferential transfers only by filing what amounts to a legal action to recover a monetary transfer.  In those circumstances, the preference defendant is entitled to a jury trial." Id. at 45.

In opposing Defendant's Motion, the Chapter 7 Trustee does not dispute that the right to a jury trial exists; instead, he argues that no "cause" exists for withdrawal at this time.  A district court should consider several factors when determining

---

[1] Chapter 7 On February 8, 2007, the Bankruptcy Court held a pretrial conference and opened discovery.  Defendant has not advised regarding the extent of its participation in the proceedings since the conference.

[2] A bankruptcy judge may conduct a jury trial on consent of all the parties.  28 U.S.C. § 157(e).

whether discretionary withdrawal is appropriate: (1) promoting uniformity of bankruptcy administration; (2) reducing forum shopping and confusion; (3) fostering economical use of debtor and creditor resources; (4) expediting the bankruptcy process; and (5) timing of the request for withdrawal. In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990).

Recently, in Am. Classic Voyages Co. v. Westaff (USA), Inc., 337 B.R. 509 (D. Del. 2006), the court applied these factors to a situation similar to the one at bar, and determined that withdrawal was not warranted.

> [A]ssertion of a Seventh Amendment right to a jury trial, coupled with a refusal to consent to such trial before the Bankruptcy Court, is not of itself sufficient cause for discretionary withdrawal. "It is well-settled that 'a district court is not compelled to withdraw a reference simply because a party is entitled to a jury trial.'"A District Court may consider a demand for a jury trial insufficient cause for discretionary withdrawal if the motion is made at an early stage of the proceedings and dispositive motions may resolve the matter. ..."Courts have . . . recognized that it serves the interests of judicial economy and efficiency to keep an action in Bankruptcy Court for the resolution of pre-trial, managerial matters, even if the action will ultimately be transferred to a district court for trial."

Id. at 512 (D. Del. 2006) (citations omitted); see also Growe v. Bilodard, Inc., 325 B.R. 490 (D. Maine 2005).

I reach a similar conclusion in this matter; the Pruitt factors weigh against withdrawing the reference. At this early stage in the litigation, there is no suggestion that the parties have engaged in significant discovery or other activity in the bankruptcy court, and dispositive motions could yet resolve the matter prior to trial. The continued handling of this core proceeding by the Bankruptcy Court

3

would encourage efficient use of judicial and debtor/creditor resources, and promote uniformity in bankruptcy administration.  Withdrawing the reference of this matter, which is not entirely distinct from the bankruptcy proceeding, could hinder or decelerate the latter.³  Therefore, at this stage, I will deny Defendant's Motion.  Defendant may seek withdrawal of the reference at a later stage in the proceeding, if necessary.

*************************

AND NOW, this **17th**  day of April, 2007, it is ORDERED that Defendant's Motion to Withdraw the Reference (Docket No. [1]) is DENIED without prejudice.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

---

³I note, too, that <u>Northwestern Institute of Psychiatry, Inc. V. Travelers Indem. Co.</u>, 272 B.R. 104 (E.D. Pa. 2001), on which Defendant relies, involved an action seeking a declaration of insurance coverage.  Unlike that situation, an action to avoid preferential transfers involves consideration of the Bankruptcy Code, 11 U.S.C. § 547(b), and the status of the bankrupt estate.  For that additional reason, denying the Motion promotes uniformity of bankruptcy administration.